JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATASIRI TALI, et al., | ) | CASE NO. CV 15-3270-R |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING PLAINTIFFS' |
| | ) | MOTION TO REMAND |
| v. | ) | |
| | ) | |
| USPLABS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiffs' Motion to Remand, which was filed on May 29, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on July 8, 2015.

This action is one of sixteen cases that were joined into a California state court

1  coordinated proceeding in Los Angeles County Superior Court, *In re JCCP 4808, USPlabs*
2  *Dietary Supplement Cases* (the "JCCP").  Plaintiffs' Petition for Coordination ("Petition") was
3  made on the ground that these actions, with roughly 129 separate plaintiffs, share common
4  questions of law and fact, and are eligible for coordination under California Code of Civil
5  Procedure § 404.  *See* Cal. Civ. Proc. Code § 404.1.

6  After Plaintiffs requested coordination within the JCCP, Defendants subsequently removed
7  the action on April 30, 2015, pursuant to the "mass action" provisions of the Class Action Fairness
8  Act ("CAFA"), Title 28 U.S.C. § 1332(d)(11).  Plaintiffs filed the instant Motion seeking to
9  remand this case for lack of subject matter jurisdiction.

10 A defendant may remove a civil action from state court to federal court if original
11 jurisdiction would have existed in the federal court at the time the complaint was filed.  28 U.S.C.
12 § 1441(a).  CAFA grants the district courts original jurisdiction over "mass actions" in the same
13 manner as if they were "class actions." *See* 28 U.S.C. § 1332(d)(11)(A).  A "mass action" is "any
14 civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried
15 jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28
16 U.S.C. § 1332(d)(11)(B)(i).  However, a mass action does not include cases in which "the claims
17 have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. §
18 1332(d)(11)(B)(ii)(IV). Similar to a "class action," a federal district court has jurisdiction over a
19 "mass action" if the aggregate amount in controversy exceeds $5,000,000 and the parties are
20 minimally diverse. *See* 28 U.S.C. § 1332(d)(2), 1332(d)(11)(A).

21 Under CAFA, "the burden of establishing removal jurisdiction remains . . . on the
22 proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 685 (9th
23 Cir. 2006). In ordinary removal cases, a presumption against removal jurisdiction may be
24 appropriate and "[f]ederal jurisdiction . . . rejected if there is any doubt as to the right of removal."
25 *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). However, "no
26 antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate
27 adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v.*
28 *Owens*, 135 S. Ct. 547, 554 (2014).

2

Plaintiffs are moving to remand this action to state court, asserting that Defendants' removal was inappropriate because the jurisdictional requirements under CAFA have not been met. Plaintiffs argue, inter alia, that their Petition was a proposal to coordinate the various actions solely for pretrial proceedings, and that the mass action requirements have therefore not been satisfied.

*Corber v. Xanodyne Pharm., Inc*., addressed the issue of whether removal is proper under the "mass action" provision of CAFA when plaintiffs in several actions move for coordination in the state trial court pursuant to California Code of Civil Procedure § 404. 771 F.3d 1218 (9th Cir. 2014) (en banc). In *Corber*, the plaintiffs in over forty state-court actions filed petitions seeking a coordinated proceeding pursuant to section 404. *Id*. at 1221. In asking for coordination of the actions, the plaintiffs expressed concerns that there could be potential "duplicate and inconsistent rulings, orders, or judgments, and that without coordination, two or more separate courts may render different rulings on liability and other issues." *Id*. The plaintiffs argued that the cases should be coordinated before one judge "hearing all of the actions for all purposes," to address "the same or substantially similar causes of action, issues of law, and issues of material fact." *Id*.

The district court held that it lacked jurisdiction under CAFA because the plaintiffs' petition for coordination was not a proposal to try the cases jointly, and instead focused on pretrial purposes. *Id*. at 1222. On appeal, the Ninth Circuit disagreed and reversed, holding that the plaintiffs' petition was in fact a proposal for a joint trial. In coming to this conclusion, the court stated that it "carefully assess[ed] the language of the petitions for coordination to see whether, in language or substance, they proposed a joint trial." *Id*. at 1223. The court reasoned that the petitions specifically sought coordination "for all purposes." *Id*. According to the court, "all purposes" must include the purposes of trial. *Id*. The court further reasoned that the specific reasons given by the plaintiffs for coordination, such as the "danger of inconsistent judgments" and "conflicting determinations of liability," support the conclusion that a joint trial was requested. *Id*. at 1223-24.

The court in *Corber* also highlighted the fact that not all petitions for coordination under section 404 are per se proposals to try cases jointly for the purposes of CAFA's mass action

3

1   provision. *Id*. at 1224.  The court left open the door to situations in which a section 404 petition

2   seeks to limit its request for coordination to pretrial matters, and thereby align with the mass

3   action provision's exception for actions coordinated solely for pretrial proceedings. *Id*., *see also*

4   28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

5         After carefully assessing the language of Plaintiffs' Petition to see whether, in language or

6   substance, they proposed a joint trial, this Court finds that Plaintiffs proposed coordination for

7   pretrial purposes only.  In their Petition, Plaintiffs request assignment of one judge to determine

8   whether "coordination for discovery" into one proceeding is appropriate.  (Dkt. No. 24-4).  Unlike

9   the petition in *Corber*, which proposed coordination "for all purposes," Plaintiffs' petition here

10  specifically seeks coordination "for discovery."  In fact, the phrase "for all purposes" is not found

11  anywhere in Plaintiffs' Petition.

12        Plaintiffs also state that "the cases will involve numerous pretrial motions," and "numerous

13  corporate depositions," and that coordination would "save counsel from filing duplicative motions

14  in multiple courts."  (Dkt. No. 24-4 at ¶¶ 7, 12).  Moreover, Plaintiffs state that "one pretrial

15  judge" will "foster judicial economy and preserve valuable judicial resources," and that

16  "coordination will avoid the potential for inconsistent rulings on nearly identical motions and

17  avoid wasteful, duplicative motion practice."  (Dkt. No. 24-4 at ¶¶ 13, 15).  Unlike the reasons for

18  coordination given in *Corber*, the reasons given here focus on pretrial issues and not on trial.

19  Completely absent from Plaintiffs' Petition is any mention of "inconsistent judgments," or

20  "conflicting determinations of liability."

21        *Corber* focused on key phrases, including "for all purposes," "danger of inconsistent

22  judgments," and "conflicting determinations of liability."  The focus by *Corber* on these phrases is

23  critical to its analysis because each of these phrases was determined to be an implicit request for

24  joint trial.  Nevertheless, not a single one of these phrases at issue in *Corber* was used in

25  Plaintiffs' Petition in the instant action.  After carefully assessing the language of Plaintiffs'

26  Petition, it is reasonable to conclude that Plaintiffs sought coordination for pretrial purposes only,

27  and did not propose a joint trial as required by the mass action provision of Title 28 U.S.C.

28  §1332(d)(11)(B)(ii)(IV). Accordingly, the jurisdictional requirements under CAFA have not been

1 met.

2 **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is GRANTED.  (Dkt. No.
3 24).  Defendants' Motion to Dismiss is deemed MOOT.  (Dkt. No. 30).
4 Dated:  July 23,  2015.

```
                                        MANUEL L. REAL
                                   UNITED STATES DISTRICT JUDGE
```